IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVERETT KEITH THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-90 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                 **February 6, 2020**

      Pro se Plaintiff Everett Keith Thomas filed this case alleging Defendants provided him inadequate medical care in violation of his Eighth Amendment rights. The case has proceeded to discovery. Thomas, however, has failed to respond to discovery requests from the one remaining Defendant, Correctional Officer Cole. As a result, Cole moved to dismiss the case for failure to prosecute. Since Cole filed the motion to dismiss, the Court twice directed Thomas to show cause why this case should not be dismissed. Thomas has failed to comply. Therefore, the Court will dismiss this action for failure to prosecute.

**BACKGROUND**

      On January 7, 2019, Thomas filed this action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia, Warden Delaney, and Correctional Officer Cole. Thomas alleged Defendants provided him inadequate medical care by failing to treat an abscess while he was incarcerated at the Curran-Fromhold Correctional Facility. On July 30, 2019, this Court dismissed Thomas's claims against the City and Warden Delaney. As a result, the only remaining claim in this case is against Cole.

      On September 19, 2019, after Thomas was granted time to file an amended complaint, the Court entered a case management order. The order set a discovery deadline for December 20, 2019. Cole sent discovery requests to Thomas at his address listed on the docket on October 1, 2019.

The requests, however, were not delivered because Thomas had been released from custody and no longer resided at the address listed. Although Thomas was released from custody, he did not file a change of address with the Court after his release. Therefore, Cole was unable to locate Thomas or serve him with the discovery requests.

On October 17, 2019, Cole filed a motion to dismiss for failure to prosecute. On November 4, 2019, in response to Cole's motion, the Court ordered Thomas to file a change of address with the Court and to show cause why this case should not be dismissed for failure to prosecute. The Court also directed the Clerk of Court to mail hard copies of the order and Cole's motion to Thomas at three different addresses listed in a change of address Thomas filed nearly a year before his release. *See* Order, Nov. 4, 2019, ECF No. 31. The order warned Thomas that his failure to comply with the order would result in dismissal of the case for failure to prosecute. Thomas did not comply.

On December 2, 2019, the Court granted Thomas a final extension to file a change of address and show cause why this case should not be dismissed for failure to prosecute. The Clerk mailed hard copies of the order and Cole's motion to Thomas at all addresses listed in the previous order. The order also warned Thomas that his failure to comply with the order would result in dismissal of the case for failure to prosecute. To date, Thomas has not complied with this final order.

**DISCUSSION**

Federal Rule of Civil Procedure 41 permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking

relief"). Ordinarily, before dismissing a case as a sanction for a party's litigation conduct, a court is required to evaluate the factors identified by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007); *see also McLaren v. N.J. State Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012).

Thomas has failed to communicate with the Court in any way since June 28, 2019, when he responded to the City and Warden Delaney's motion to dismiss. Since then, he has also failed to respond to Cole's discovery requests. Cole is unable to conduct discovery and prepare for dispositive motions or trial. Thomas's conduct has prevented this case from proceeding and adjudication of his claims is impossible. Therefore, the Court need not address the *Poulis* factors. Even assuming a *Poulis* analysis is required, four of the six factors weigh in favor of dismissal.

Throughout the entirety of this action, Thomas proceeded pro se and his failure to update his change of address or comply with the Court's orders is attributable only to him. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008) ("[A] pro se plaintiff is responsible for his failure . . . to comply with a court's orders."). Although Thomas has been released from custody, he has not provided the Court or Cole with any information regarding how to communicate with him for purposes of this case. Because this conduct is attributable to Thomas, and not an attorney, this factor weighs in favor of dismissal. *See Warren v. Northampton Cty.*, No. 16-1089, 2019 WL

588737, at *4 (E.D. Pa. Feb. 12, 2019) (concluding a pro se plaintiff's personal responsibility for failure to comply with court orders weighed in favor of dismissal).

Cole has been prejudiced by Thomas's failure to prosecute because he is unable to engage in discovery or prepare for trial in accordance with this Court's case management order. Without an updated address for Thomas, Cole is unable to serve his discovery requests upon Thomas. Cole has not been able to depose Thomas or properly defend himself. At this point, the discovery deadline has passed, and Cole is unable to prepare a dispositive motion or trial strategy. This burden qualifies as prejudice to Cole and thus weighs in favor of dismissal. *See Ware v. Roadie Press, Inc.*, 322 F.3d 218, 222–23 (3d Cir. 2003) ("[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."); *Warren*, 2019 WL 588737, at *4 (finding plaintiff's failure to submit change of addresses, participate in discovery, or otherwise communicate with court weighed in favor of dismissal).

Thomas's history of dilatoriness includes his failure to comply with two court orders directing him to file a change of address and show cause why this case should not be dismissed. Also, Thomas has failed to comply with the local rules of this Court by not filing a change of address within 14 days of the change. *See* Local R. Civ. P. 5.1(b). Although the Court has no record of Thomas's release from state custody, it appears he was no longer in custody as early as October 1, 2019. *See* Cole's Motion to Dismiss, Ex. A (Cole's attempted service of discovery requests at Thomas's address in custody). This history does not evidence Thomas's desire to proceed with this action and weighs in favor of dismissal. *See Drayton v. Spotts*, No. 19-1265, 2019 WL 5167011, at *2 (E.D. Pa. Oct. 15, 2019) (noting plaintiff's failure to comply with two court directives indicated a history of dilatoriness weighing in favor of dismissal).

As to willfulness, Thomas has made numerous filings and responded to this Court's previous orders which suggests he is aware of this case and received the Court's notices when he was incarcerated. Due to his release from custody, however, the Court can only infer he negligently failed to notify the Court of his release and change of address. The Court, nonetheless, sent its notices and orders to several addresses including the addresses of Thomas's sister and mother. There is no record of whether Thomas received these notices and acted in bad faith when he did not respond. This factor therefore weighs against dismissal. *See Briscoe*, 538 F.3d at 262 (stating willfulness involves intentional, self-serving behavior that is "characterized as flagrant bad faith").

This is not a case in which alternative sanctions such as fines, costs, or attorneys' fees are available because Thomas appears pro se and in forma pauperis. Therefore, this factor weighs in favor of dismissal. *See id.* at 262–63 (stating alternative sanctions unavailable where plaintiff proceeded pro se, in forma pauperis, and was incarcerated).

The remaining factor is neutral; the Court can only determine the merits of Thomas's claims through the allegations in his Complaint. Without any discovery, it is unclear whether Thomas's claim against Cole would survive summary judgment. This factor thus weighs neither in favor nor against dismissal. *See Drayton*, 2019 WL 5167011, at *3 (noting the merits factor was neutral because based on the complaint the claim was facially meritorious but there was no evidence of plaintiff's ability to meet his burden at summary judgment stage).

Mindful that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint," *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), because Thomas's failure to comply with the Court's orders have stalled the adjudication of this case and prejudiced Cole in his preparation of a defense, the *Poulis* factors weigh in favor of dismissal.

**CONCLUSION**

In sum, Thomas has failed to comply with two of this Court's orders and has not filed a change of address with the Court or Cole. Without either action, this case is unable to proceed. Accordingly, the Court will grant Cole's motion to dismiss and dismiss this case for failure to prosecute.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.